**Slip Op. 10-132**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

```
_____x
                                :
FAG HOLDING CORPORATION,        :
                                : Before: Nicholas Tsoucalas,
            Plaintiff,          :         Senior Judge
                                :
        v.                      : Court No. 06-00325
                                :
UNITED STATES OF AMERICA,       :
                                :
            Defendant.          :
_____x
```

<u>**OPINION**</u>

[Granting Defendant's Motion to Dismiss for Failure to State a Claim]

Dated: December 8, 2010

<u>Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP</u> (<u>Max F. Schutzman</u>, <u>Andrew Thomas Schutz</u>, <u>Ned Herman Marshak</u>, and <u>Robert Fleming Seely</u>) for the plaintiff.

<u>Tony West</u>, Assistant Attorney General; <u>Barbara S. Williams</u>, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (<u>Alexander J. Vanderweide</u>); Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection (<u>Beth Brotman</u>), of counsel, for the defendant.

**Tsoucalas, Senior Judge**: Plaintiff FAG Holding Corporation brings this action pursuant to § 514 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1514 (2006),[1] challenging the liquidation of two entries by the United States Customs Service.[2]  <u>See</u> Summons.

---

[1] All references to statutes herein are to the 2006 edition of the United States Code.  Similarly, all citations to regulations are to the 2010 edition of the Code of Federal Regulations.

[2] The United States Customs Service is now U.S. Customs and Border Protection and is herein referred to as "Customs."

Currently pending is Defendant United States' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, filed according to Rule 12(b)(5) of the Rules of the United States Court of International Trade.  See Mem. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mot. to Dismiss") at 1.  For the reasons that follow, the Court finds in favor of Defendant and accordingly dismisses Plaintiff's Complaint.

**JURISDICTION**

Jurisdiction lies under 28 U.S.C. § 1581(a) and 19 U.S.C. § 1514(a)(3) and (5).

**STANDARD OF REVIEW**

Dismissal for failure to state a claim upon which relief can be granted is appropriate only when a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[3]  In order to avoid dismissal under Rule 12(b)(5), the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are

---

[3]  USCIT Rule 12(b)(5) is directly parallel to Fed. R. Civ. P. 12(b)(6), which was the subject of Iqbal and Twombly.

true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations omitted).

## BACKGROUND

The entries at issue, which were subject to an antidumping duty order by the United States Department of Commerce ("Commerce"), were imported into the United States from Canada on April 20 and 21, 1992. See Entry No. 331-3884817-2 and Entry No. 331-3886959-0; see also Ball Bearings, Cylindrical Roller Bearings, and Spherical Plain Bearings and Parts Thereof From the Federal Republic of Germany, 54 Fed. Reg. 20,900 (Dep't Commerce May 15, 1989) (the "Order"). After arrival, the merchandise was released under a special permit for immediate delivery. See subject entries. Corresponding entry summaries were filed with Customs on May 4 and 5, 1992. See id. Customs liquidated the subject entries on December 21, 2001, at an assessed antidumping duty rate of 25.62% ad valorem. See id.; Compl. ¶ 15.

In accordance with the provisions of § 1514, Plaintiff protested the liquidation of the subject entries, which Customs subsequently denied on March 28, 2006. See Compl. ¶¶ 16, 17. Plaintiff then timely filed a summons with this Court on September 25, 2006, seeking reliquidation on the ground that, under 19 U.S.C. § 1504(d), the subject entries were deemed liquidated by operation

of law years prior to the 2001 liquidation date. See id. ¶¶ 1, 19. Defendant now moves to dismiss Plaintiff's Complaint arguing that it contains insufficient facts to plausibly support its claim. See Def.'s Mot. to Dismiss at 2, 6. Defendant posits that Plaintiff has incorrectly calculated the date of entry and that this suit is baseless because the subject entries were entered under a special permit for immediate delivery and liquidated before deemed liquidation would have occurred under § 1504(d). See id. at 4, 6.

## ANALYSIS

"Liquidation" is the final ascertainment of duties and other issues involved in an entry. See 19 C.F.R. § 159.1. Under ordinary circumstances, Customs has up to one year from the "date of entry" in which to effect liquidation. See § 1504(a); 19 C.F.R. § 159.11. However, in order to preserve the rights of the parties in certain situations, liquidation may be suspended by court order or during an administrative review of an antidumping duty order. See 19 C.F.R. § 159.12(a)(2); see also 19 U.S.C. § 1673b(d)(2). Once such review is completed, Commerce provides notice that the suspension has been removed and § 1504(d) directs that Customs has six months in which to liquidate the entry. If Customs fails to do so, the unliquidated entry is deemed liquidated by operation of law at the rate of duty asserted by the importer in the entry

**Court No. 06-00325**                                                                              **Page 5**

documentation.  See § 1504(d).

The Federal Circuit has held that a valid claim of liquidation by operation of law under § 1504(d) must satisfy the following elements: (1) the suspension of liquidation formerly in place was terminated; (2) Customs was notified that such suspension was removed; and (3) notwithstanding such notice, Customs failed to liquidate the entry within six months.  See Fujitsu Gen. Am., Inc. v. United States, 283 F.3d 1364, 1376 (Fed. Cir. 2002).  First, the Court must ascertain when the six-month period began to run.  In order to do so, the Court must first determine the date which suspension of the subject entries was terminated under the first element.  This determination is contingent on which administrative period was under review at the time.  Ascertaining the controlling period of review, in turn, relies on the "date of entry," as defined by the regulations.  Therefore, establishing the correct date of entry is a critical link in the chain of the components in a claim for deemed liquidation.  Depending on the date of entry asserted in a complaint, such a claim might not be factually "plausible."  Iqbal, 129 S.Ct. at 1949.

Plaintiff's argument rests on the assumption that the date of entry for the subject merchandise was April 20 and 21, 1992.  See Compl. ¶ 6 (the subject merchandise was "entered into the United

**Court No. 06-00325**                                                                        Page 6

States for consumption on April 20 and April 21, 1992"). Consequently, Plaintiff asserts that liquidation of the subject merchandise was suspended under the administrative review of the Order covering May 1, 1991, through April 30, 1992 (the "91-92 Review").[4]  Under this line of reasoning, Commerce's promulgation of the amended final results on April 16, 1998, served as the requisite notice to Customs, commencing the six-month period for liquidation.  See Compl. ¶¶ 11-12.  Accordingly, Plaintiff maintains that Customs's actual liquidation was beyond the six-month deadline to liquidate any entries subject to the 91-92 Review, thus rendering Customs's December 21, 2001, liquidation "null and void."  Id. ¶¶ 13-15.  As a result, Plaintiff concludes that the entries were deemed liquidated on October 16, 1998, at 3.9% ad valorem, the duty rate asserted by Plaintiff in the entry documentation.  See id. ¶¶ 13, 16.

Although Plaintiff's allegations superficially satisfy the elements of § 1504(d), the Complaint is not supported by plausible

---

[4]  Although Commerce published the conclusion of this review on July 26, 1993, Final Results of Antidumping Duty Administrative Reviews and Revocation in Part of an Antidumping Duty Order, 58 Fed. Reg. 39,729 (Dep't Commerce July 26, 1993), the final results were subsequently litigated, prolonging suspension of liquidation for the subject entries until the Court rendered its final determination in Federal-Mogul Corp. v. United States, 20 CIT 1438, 950 F.Supp. 1179 (1996).  Amended final results of the 91-92 Review were published in the Federal Register on April 16, 1998.  See Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof, 63 Fed. Reg. 18,877 (Dep't Commerce Apr. 16, 1998) (amended final results).

**Court No. 06-00325** Page 7

facts and thus fails as a matter of law.  Determining the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct at 1950 (internal citation omitted).  A complaint does not exist in a vacuum but rather must be congruent with the truth of what actually occurred.  Here, the best reflection of what occurred is found in the physical entry documents for Entry No. 331-3884817-2 and Entry No. 331-3886959-0, which are central to these claims.[5]

Since the entry documents show that the subject entries were imported pursuant to a special permit for immediate delivery, reference to the Customs regulations is illuminating in determining the date of entry.  See generally 19 C.F.R. §§ 142.21–142.29; see also 19 U.S.C. § 1448(b).  Customs defines "entry" not as the arrival of a particular shipment of goods at the port (as it may be

---

[5]   Normally, when considering a motion to dismiss, the court is limited to the facts alleged on the face of a complaint and documents incorporated by reference or appended thereto. See Globe Metallurgical Inc. v. United States, 31 CIT 1722, 1723, 530 F.Supp. 2d 1343, 1345 (2007).  However, any matters integral to a claim or upon which it is based may be considered without converting it to summary judgment under USCIT Rule 12(d).  See Int'l Audiotext Network v. Am. Tel. & Tel. Co., 62 F.3d 69 (2nd Cir. 1995).
    In contrast, Plaintiff attaches to its response documents outside the pleadings, invoking USCIT Rule 12(d) for the proposition that the Court is "required to treat defendant's motion as one for summary judgment." Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 4.  However, it is well-settled that a court retains discretion to exclude matters outside the pleadings and, if such matters are excluded, conversion to summary judgment is not required.  See Carter v. Stanton, 405 U.S. 669 (1972); Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

considered colloquially), but rather as the formal filing of required documentation in order to secure the release of imported merchandise from Customs's custody and assess the proper amount of duties. See 19 C.F.R. § 141.0a(a); see also Lowa, Ltd. v. United States, 5 CIT 81, 85–86, 561 F.Supp. 441, 445 (1983) (in Customs usage, the word "entry" is a "term of art"), aff'd 724 F.2d 121 (Fed. Cir. 1984). See generally U.S. Customs and Border Protection, What Every Member of the Trade Community Should Know About Entry (March 2004).

Goods admitted under the immediate delivery process are released into United States commerce prior to the conclusion of formal entry procedures. In most respects, immediate delivery is similar to ordinary entry, the critical difference being the method of determining the date of entry. Under most entry procedures, the date of entry is usually the date of release. See 19 C.F.R. § 141.68. However, this is not the case for entries admitted under immediate delivery, in which case § 141.68(c) directs that "[t]he <u>time of entry</u> of merchandise released under the immediate delivery procedure <u>will be the time the entry summary is filed</u> in proper form, with estimated duties attached." (emphasis added). Therefore, applying § 141.68(c), the controlling dates of entry are May 4 and 5, 1992—the dates that the entry summaries were filed. The entry summary documents themselves list both the "Entry Date"

and "Entry Summary Date" as either May 4 or May 5, accordingly. See entry summaries at Box 3, 4.

Plaintiff's argument that the dates of entry were April 20 and 21, 1992, the dates that the subject goods were entered into the United States for consumption or, alternatively, the dates that the subject goods were authorized for release, is squarely at odds with the regulatory language governing these facts. 19 C.F.R. § 142.22(b) provides that merchandise entered under a special permit for immediate delivery is considered to remain in Customs's custody, despite physical release, until the timely filing of an entry summary with duties attached. Thus, read together, § 141.68(c) and § 142.22(b) designate that the time of release and the time of entry are independent events in the immediate delivery context. The regulation cannot reasonably be construed otherwise, nor does Plaintiff cite any authority in support of its interpretation. Applying the standard set forth in Iqbal and Twombly, the Court cannot establish that Plaintiff's supporting facts plausibly entitle it to relief within this framework.

While all of the factual allegations in a complaint are taken as true in a motion to dismiss, any "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice." Iqbal, 129 S.Ct. at 1949–50 (internal

**Court No. 06-00325**                                                                                          **Page 10**

citation omitted). Plaintiff's assertion that the dates of entry are April 20 and 21, 1992, is not a fact in dispute, but instead is a "legal conclusion" that, as such, is not entitled to the presumption of truth. See id.

The Court's ultimate task is to determine whether Plaintiff is entitled to offer evidence in support of its claim—not whether Plaintiff will prevail on the merits. See Int'l Custom Prods., Inc. v. United States, 32 CIT __, __, 549 F.Supp. 2d 1384, 1397 (2008). As a matter of law, there is no "reasonable expectation" that discovery will reveal anything and thus the pleadings do not provide a basis to infer that Plaintiff can plausibly prove its claim in subsequent stages of litigation. See Totes-Isotoner Corp. v. United States, 32 CIT __, __, 569 F.Supp. 2d 1315, 1328 (2008) (citing Twombly, 550 U.S. at 556), aff'd, 594 F.3d 1346 (Fed. Cir. 2010). A deficient claim should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558 (internal quotation omitted). A dismissal here is consistent with the Court's paramount mandate to secure the just, speedy, and inexpensive determination of every action. See USCIT R. 1.

Since the proper dates of entry were May 4 and 5, 1992, the subject entries were encompassed by Commerce's May 1, 1992, through

April 30, 1993, period of review (the "92-93 Review") and the subject entries remained suspended until November 16, 2002, when Commerce published its amended final results.[6] Under § 1504(d), Customs had until May 16, 2002, in which to liquidate any entries subject to Commerce's 92-93 Review prior to deemed liquidation by operation of law. Thus, the subject entries were properly liquidated on December 21, 2001, well within the six-month deadline. Therefore, the subject entries were timely liquidated with assessed antidumping duties in full compliance with § 1504(d).

---

[6] Commerce's final determination, <u>Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof</u>, 60 Fed. Reg. 10,900 (Dep't Commerce Feb. 28, 1995), was affirmed by the Court of Appeals in <u>SKF USA, Inc. v. INA Walzlager Schaeffler KG</u>, 180 F.3d 1370 (Fed. Cir. 1999). Commerce subsequently published the amended final results in <u>Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Germany</u>, 66 Fed. Reg. 57,704 (Dep't Commerce Nov. 16, 2001) (amended final results).

## CONCLUSION

After reviewing the sufficiency of the Complaint, the Court holds that Plaintiff is unable to plausibly plead its claim as a matter of law.  Defendant's motion to dismiss under USCIT Rule 12(b)(5) is granted and this action is hereby dismissed.

                                             /s/ Nicholas Tsoucalas  
                                                         NICHOLAS TSOUCALAS  
                                                             SENIOR JUDGE

Dated:     December 8, 2010  
           New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS**

```
_____x
                                           :
FAG HOLDING CORPORATION,                   :
                                           :
             Plaintiff,                    :
                                           :
        v.                                 : Court No. 06-00325
                                           :
UNITED STATES OF AMERICA,                  :
                                           :
             Defendant.                    :
_____x
```

## JUDGMENT

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now, in accordance with said decision, it is hereby

**ORDERED** that Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to USCIT R. 12(b)(5) is granted; and it is further

**ORDERED** that this case is dismissed.

```
                              /s/ Nicholas Tsoucalas
                             NICHOLAS TSOUCALAS
                                SENIOR JUDGE
```

Dated:  December 8, 2010
        New York, New York